# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDER GARZA GOMEZ,<br><br>Petitioners,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-04629-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering that Respondents immediately release Petitioner.

## I.

## BACKGROUND

Petitioner is a citizen of Mexico who entered the United States without inspection or parole in or around 1993. (ECF No. 1 at 3; ECF No. 9-2 at 1.[1]) On June 16, 2015, the Department of Homeland Security ("DHS") initiated removal proceedings pursuant to section 240 of the Immigration and Nationality Act ("INA") by issuing a notice to appear ("NTA").

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

(ECF No. 9-2 at 1.) At some point Petitioner was released from immigration detention, and on June 16, 2025, Petitioner was re-detained at a check-in. (ECF No. 1 at 7; ECF No. 9-3 at 2–3.)

On January 2, 2026, an immigration judge denied Petitioner's applications for relief and protection from removal and ordered Petitioner removed to Mexico. (ECF No. 9-9.) On January 22, 2026, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). (ECF No. 9-10.) The BIA appeal is pending. (ECF No. 9-11.)

On June 15, 2026, Petitioner filed the instant petition for writ of habeas corpus, in which Petitioner challenges his purportedly post-final order detention based on Zadvydas v. Davis, 533 U.S. 678 (2001), and as violative of due process, 8 C.F.R. § 241.13, and the Administrative Procedure Act. (ECF No. 1 at 7–10.) However, as the petition alleges that Petitioner was ordered removed on January 2, 2026, his appeal of the decision is still pending, and he was previously released from detention and re-detained at a check-in on June 16, 2025, (id. at 2, 7), the Court construed the petition "as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF 7 at 1.) On July 1, 2026, Respondents filed an answer. (ECF No. 9.)[2]

**II.**

**DISCUSSION**

Although the deadline for Petitioner to file a reply to Respondents' response has not yet passed, the undersigned finds that issuance of the findings and recommendation is appropriate.

**A. Due Process**

Respondents argue that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," "Petitioner's prior release in the discretion of DHS does not have the effect of having converted Petitioner's presence in the United States into an 'admission,'" and that as "an applicant for admission, Petitioner is subject to mandatory detention and thus ineligible for a bond hearing. Petitioner does not possess a right to freedom from immigration detention in any

---

[2] The Court notes that Respondents were directed to inform the Court of Petitioner's custody status by July 7, 2026. (ECF No. 10.) Although Respondents did not provide the requested information, the Court received a call from Petitioner, who confirmed that he is still detained at the California City Detention Facility.

form other than the form provided by Congress." (ECF No. 9 at 3.) These arguments have been rejected by this Court in other proceedings. See, e.g., Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

Based on the foregoing, the undersigned recommends granting the petition on the construed claims challenging Petitioner's re-detention and the statutory authority for Petitioner's detention for the reasons stated in cases set forth above. Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C. v. Robbins, No. 1:25-cv-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025) (ordering immediate release of petitioner who allegedly violated reporting requirements four times); Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G. v. Chesnut, No. 1:25-cv-01673-JLT SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous

times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S. v. Chestnut, No. 1:25-cv-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, Respondents contend that "the Court should order a bond hearing rather than immediate release" due to Petitioner's criminal history. (ECF No. 9 at 4.) On November 29, 1994, Petitioner was convicted of inflicting corporal injury on a spouse and sentenced to four days in jail and 36 months of probation. On April 3, 2015, Petitioner was convicted of willful discharge of a firearm and sentenced to 365 days in jail. On October 24, 2022, Petitioner was convicted of driving without a valid license. (ECF No. 9-3 at 3; ECF No. 9-12.) "Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017). As it appears Petitioner's 1994 and 2015 convictions occurred before Petitioner's prior release from immigration custody,[3] the government previously concluded that these convictions did not render Petitioner a danger or a flight risk such that detention was required. Petitioner's 2022 conviction of driving without a license occurred thirty-two months before Petitioner was re-detained at a check-in on June 16, 2025, which suggests that this conviction did not render Petitioner such a danger or a flight risk that immediate re-detention was required.[4] Accordingly, the undersigned recommends finding that Petitioner's immediate release is the appropriate remedy. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1037–38 (N.D. Cal. 2025) ("The only potential injury the

---

[3] There is nothing in the record before the Court that sets forth the date Petitioner was previously released from immigration detention. However, DHS initiated removal proceedings by issuing an NTA on June 16, 2015, so the Court presumes Petitioner was released from immigration detention on or after June 16, 2015.

[4] The Court presumes that Petitioner had at least one check-in during the thirty-two months between Petitioner's 2022 conviction and June 16, 2025 re-detention. See Sharan S. v. Chestnut, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *11 (E.D. Cal. Nov. 12, 2025) ("[E]ach time that the petitioner 'reported to ICE for a check-in' following [his arrest], 'an ICE officer, at least implicitly, made a finding that [the petitioner] was not a flight risk.'" (last alteration in original) (quoting Rodriguez Diaz v. Kaiser, No. 25-CV-05071-TLT, 2025 WL 3011852, at *13 (N.D. Cal. Sept. 16, 2025))).

government faces is a short delay in detaining Ms. Garro Pinchi if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that her detention is necessary to prevent danger to the community or flight. ").

### B. Motion for Appointment of Counsel

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In light of the Court's recommendation that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed claims challenging Petitioner's re-detention and the statutory authority for Petitioner's detention;

2. Respondents be directed to immediately release Petitioner from custody with the same conditions he was subject to immediately prior to his re-detention; and

3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[5]

Further, the motion for appointment of counsel (ECF No. 3) is DENIED.

---

[5] This does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 9, 2026**                     /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE